**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BEN JAHROMI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-25-1467-G** |
| | ) |
| **FRANK MILLER, DIRECTOR OF** | ) |
| **HOUSING AUTHORITY OF** | ) |
| **OKLAHOMA CITY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Now before the Court is Plaintiff Ben Jahromi's Motion for Recusal (Doc. No. 25). Defendants have responded (Doc. Nos. 42, 44, 45), and Plaintiff has filed a Reply (Doc. No. 54) and a Supplement (Doc. No. 61).

### I. Background

Plaintiff, appearing pro se and proceeding *in forma pauperis*, filed the instant action in December 2025, bringing claims against: Frank Miller, Director of Housing Authority of Oklahoma City; Oklahoma City Police Department; Housing Authority of Oklahoma City; and Mental Trauma Center. *See* Compl. (Doc. No. 1). Defendants have appeared and filed Motions to Dismiss (Doc. Nos. 18, 19, 23), which are pending.

### II. Plaintiff's Motion for Recusal

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Accordingly, "a judge has a continuing duty to recuse before, during, or, in some

circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).  "The test . . . is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  *Id.* at 993 (internal quotation marks omitted).  "The standard is purely objective."  *Id.*  Matters that "will not ordinarily satisfy the requirements for disqualification under § 455(a)" include "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters," and "prior rulings in the proceeding, or another proceeding, solely because they were adverse." *Id.* at 993-94.

Liberally construing Plaintiff's Motion and related submissions, Plaintiff seeks the undersigned's recusal for three reasons.  First, Plaintiff argues that "[a]t one point my case was moving forward without my knowledge."  Pl.'s Mot. at 1.  Plaintiff appears to be referring to past delays in receiving filings or orders by mail rather than electronically.  It is the Court's policy, however, that pro se litigants "may not file electronically"; the restriction is not one imposed by the undersigned or applied only to Plaintiff.  *ECF Policies & Procs. Manual* § I(A)(1); *see also* LCvR 5.4; Fed. R. Civ. P. 5(d)(3)(B) (prescribing that a person not represented by an attorney "may file electronically only if allowed by court order or by local rule").  And Courts routinely reject requests for ECF access from pro se filers who, as here, "ha[ve] no difficulty filing a number of letter correspondences and motions with the Court."  *Akande v. Philips*, 386 F. Supp. 3d 281, 296 (W.D.N.Y. 2019).

Plaintiff next objects that he has presented "multiple unanswered request[s] for appointed coun[sel]."  Pl.'s Mot. at 1.  The docket does not reflect any pending motion for

2

such an appointment and therefore shows none that have gone unanswered. Further, pursuant to 28 U.S.C. § 1915(e)(1), the Court may "request"—not order—legal representation for civil litigants proceeding *in forma pauperis*. Such a request is rare and is not warranted at this preliminary stage of the proceedings. Despite his lack of training, Plaintiff has drafted and filed a pleading outlining his factual allegations and legal claims. Plaintiff also has been able to present various motions and other filings in articulate and reasonably clear form, including discussion and citation of relevant authorities. Plaintiff is representing himself, but this circumstance does not distinguish the present case from numerous others. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) ("The burden is upon the [*in forma pauperis*] applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."); *cf. Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (noting that in determining whether the appointment of counsel for an indigent prisoner is warranted, the court considers "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims"). The Court will deny Plaintiff's request at this time.

Finally, Plaintiff seeks recusal on the basis that filings in the case were purportedly placed under seal "without explanation." Pl.'s Mot. at 1 (arguing that "the record remains largely sealed" and the Court should "issue a written explanation identifying the legal basis for continuous sealing"). Plaintiff's factual premise is incorrect, however, as there has been no sealing order issued by the Court, and both the case docket and filings are publicly available.

3

Taken singly or together, Plaintiff's grounds for recusal do not establish a reasonable factual basis for an objective person to reasonably doubt or question the impartiality of the undersigned. *Cf. Cooley*, 1 F.3d at 994 ("[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." (internal quotation marks omitted)).

CONCLUSION

Accordingly, Plaintiff's Motion for Recusal (Doc. No. 25) is DENIED.

IT IS SO ORDERED this 17th day of July, 2026.

_____
CHARLES B. GOODWIN
United States District Judge