**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BEN JAHROMI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1467-G** |
| | ) | |
| **FRANK MILLER, DIRECTOR OF HOUSING AUTHORITY OF OKLAHOMA CITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff Ben Jahromi, appearing pro se, has filed the instant action bringing claims against: Frank Miller, Director of Housing Authority of Oklahoma City; Housing Authority of Oklahoma City ("OCHA"); Oklahoma City Police Department ("OCPD"); and Mental Trauma Center (i.e., Oklahoma Department of Mental Health and Substance Abuse Services or "ODMHSAS"). *See* Compl. (Doc. No. 1.

Now before the Court are Motions to Dismiss filed by Defendants Miller (Doc. No. 19), OCHA (Doc. No. 18), OCPD (Doc. No. 23), and ODMHSAS (Doc. No. 21), seeking dismissal on various grounds. The Court has considered Plaintiff's Responses (Doc. Nos. 27, 28, 30, 34) and Defendants' Replies (Doc. Nos. 33, 35, 36) and now issues its ruling.

*I. Plaintiff's Allegations*

In the Complaint, Plaintiff alleges that Defendants' "actions, failures, and negligence" violated his rights under the Fourteenth Amendment and seeks relief pursuant to 42 U.S.C. § 1983. Compl. at 1. Plaintiff seeks $50 million in damages. *See id.* at 4-5.

Liberally construed, Plaintiff alleges as follows:

The first page of the Complaint describes a "Police Car Accident" and a "$19,000 Demand" made by OCPD to Plaintiff, which occurred unknown "[y]ears ago." *Id.* at 1. The Complaint also addresses "Danger to Seniors and Missing Police Reports" and complains about physical access to the Classen Senior Living building, which Plaintiff alleges placed some residents in fear. *Id.* Plaintiff identifies incidents experienced by or involving other individuals without any reference to dates. *See id.* Plaintiff alleges that he believes "important documents" are missing from his apartment and questions the quality of a written report taken by an unknown member of the OCPD in October 2025. *Id.*

Plaintiff states that he is seeking relief under § 1983 for the alleged violation of his due process and equal protection rights and for "failure of police and government agencies to provide accurate reports and for my safety." *Id.* at 4. Plaintiff alleges he was harmed by the actions and failures of all defendants "including incomplete and inaccurate police reports, lack of protection after serious [illegible] incidents at my residen[ce]." *Id.* at 5. "My documents were stolen. The police failed to include the full facts in the report and multiple residents including myself were told to go to the hospital with no report filed." *Id.* Attached are apartment-related grievances from various individuals. *See id.* at 6-10.

In additional filings, Plaintiff has provided numerous notices, statements, press releases, and correspondence made to state and local officials, the FBI, and media outlets, regarding his experience living in OCHA housing and interacting with OCPD, as well as his belief that the media is now conspiring with local authorities and others to not publicize his claims. *See* Pl.'s Suppls. (Doc. Nos. 5, 6, 9, 10, 11, 13, 14).

*II. Relevant Standards*

Plaintiff brings his Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983, a "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). To succeed on a claim under § 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that the violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The plaintiff must allege facts to plausibly establish a causal connection between an alleged violation of a federal right and each defendant. *See Iqbal*, 556 U.S. at 676; *Pahls v. Thomas*, 718 F.3d 1210, 1225-26, 1228 (10th Cir. 2013). A defendant cannot be vicariously liable under § 1983 for the acts of another; each defendant must be causally connected to the violation. *Pahls*, 718 F.3d at 1225-26; *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768-69, 770 (10th Cir. 2013).

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Pro se filings "are to be construed liberally," but the Court will not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The Due Process Clause of the Fourteenth Amendment prohibits a State from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To establish a procedural due process violation, Plaintiff must demonstrate (1) deprivation by the State of a protected interest in life, liberty, or property, and (2) inadequate state process. *See Reed v. Goertz*, 598 U.S. 230, 236 (2023).

"[T]he essence" of the Equal Protection Clause is that the state must "treat all those similarly situated similarly." *Powers v. Harris*, 379 F.3d 1208, 1215 (10th Cir. 2004) (internal quotation marks omitted); *see* U.S. Const. amend. XIV, § 1. To state an equal protection claim, Plaintiff must allege, at a minimum, that he has intentionally been treated differently than similarly situated individuals. *See SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012); *see also Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006).

*III. Defendants' Motions to Dismiss*

*A. Defendant Miller's Motion to Dismiss (Doc. No. 19)*

The Complaint fails to specify whether Defendant Miller is sued in his official capacity as Director of OCHA, his individual capacity, or both. The Supreme Court has explained that "an official-capacity suit is . . . to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As argued by Defendant Miller, any official-capacity claims against him are redundant of the claims brought against OCHA and subject to dismissal. *See* Def. Miller's Mot. to Dismiss at 2-4.

As to any individual-capacity claims, Plaintiff's Complaint fails to state factual allegations showing that Defendant Miller participated in or caused any deprivation of a constitutional right. Rather, this defendant is merely named in the caption. Although Plaintiff in his Response alleges that Plaintiff had a conversation with Defendant Miller regarding Plaintiff's apartment and Defendant Miller failed to follow up on Plaintiff's grievances, nothing about this event plausibly demonstrates a causal connection between Defendant Miller and a violation of Plaintiff's due process or equal protection rights. *See* Pl.'s Resp. (Doc. No. 28) at 1-2. Plaintiff therefore fails to state a claim upon which relief can be granted against Defendant Miller in his individual capacity. *See Pahls*, 718 F.3d at 1225-26, 1228.

*B. Defendant OCHA's Motion to Dismiss (Doc. No. 18)*

Relevant to Defendant OCHA, Plaintiff alleges: the door lock on the Classen Senior Living building, an OCHA property, does not operate properly, *see* Compl. at 1; certain unspecified documents were missing from his apartment on October 10, 2025, about which

Plaintiff made a police report, *see id.*; an unidentified housing manager at OCHA excluded names and phone numbers from a daily report in October 2025 that were later included, *see* Doc. No. 6-3; Plaintiff saw what he determined to be "human waste' on an elevator floor, resulting in multiple "emergency" calls to OCPD, Doc. No. 9-2; and an occasion where a fellow resident was acting inappropriately while OCHA building staff "attempted to "de-escalate the situation," Doc. No. 11-1.

Even accepted as true, these factual assertions do not plausibly show a violation of Plaintiff's rights under the United States Constitution, which "deals with the large concerns of the governors and the governed." *Daniels v. Williams*, 474 U.S. 327, 332 (1986). While Plaintiff does allege injury to his property (e.g., flooding), his allegations reasonably establish—at most—a "lack of due care" amounting to negligence, which does not implicate the Due Process Clause or support a claim under § 1983. *Id.* at 332-33 ("That injuries inflicted by governmental negligence are not addressed by the United States Constitution is not to say that they may not raise significant legal concerns and lead to the creation of protectible legal interests."). And as to equal protection, rather than showing that he "was intentionally treated differently from others similarly situated," Plaintiff's allegations reflect that other residents at his apartment building share his concerns and complaints. *SECSYS*, 666 F.3d at 688 (internal quotation marks omitted). Defendant OCHA is therefore entitled to dismissal under Rule 12(b)(6).

*C. Defendant ODMHSAS' Motion to Dismiss (Doc. No. 21)*

Although citing Federal Rule of Civil Procedure Rule 12(b)(6), Defendant OMDHSAS seeks dismissal based upon its assertion of Eleventh Amendment immunity to

suit, which implicates Rule 12(b)(1): "[o]nce effectively raised, the Eleventh Amendment becomes a limitation on [the Court's] subject-matter jurisdiction." *Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001); *see* Fed. R. Civ. P. 12(b)(1); Def. OMDHSAS' Mot. at 5. A motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). In reviewing a facial attack such the one presented by Defendant OMDHSAS, the Court confines its analysis to the pleadings and must accept the allegations in the complaint as true. *See id.*

Per the Eleventh Amendment, "[s]tates may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (internal quotation marks omitted). Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983, and the State of Oklahoma has not generally waived its Eleventh Amendment immunity. *Id.*; *Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994), *overruled on other grounds by Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). This immunity extends beyond the State of Oklahoma to the state's agencies, including ODMHSAS. *See Muscogee (Creek) Nation*, 611 F.3d at 1227; *Ramirez*, 41 F.3d at 589; *Jenkins v. Colo. Mental Health Inst. at Pueblo*, No. 99-1516, 2000 WL 331872, at *1-2 (10th Cir. Mar. 30, 2000).

Plaintiff offers no relevant counterargument, and the Court concludes that the claims against Defendant ODMHSAS must be dismissed pursuant to Rule 12(b)(1).

*D. Defendant OCPD's Motion to Dismiss (Doc. No. 23)*

Defendant OCPD argues that, under Oklahoma law, it lacks capacity to be sued on Plaintiff's § 1983 claims. *See* Def. OCPD's Mot. at 2-3 (citing Fed. R. Civ. P. 17(b)(3)). Citing Oklahoma statutes, Defendant OCPD asserts that it is "not a separate legal entity" and so dismissal is required. *See id.* Plaintiff offers no authority to the contrary.

The Tenth Circuit has explained that, "[g]enerally, governmental sub-units" such as police departments "are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010); *see Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007). More specifically, this Court has determined that "the Oklahoma City Police Department . . . is not a suable entity for purposes of § 1983." *Currie v. Okla. City Police Dep't*, No. CIV-08-194-HE, 2008 WL 1946787, at *1, *4 (W.D. Okla. Apr. 30, 2008); *accord Smith v. Okla. City Police Dep't*, No. CIV-18-233-R, 2018 WL 3581132, at *2 (W.D. Okla. June 28, 2018) (R. & R.), *adopted*, 2018 WL 3579480 (W.D. Okla. July 25, 2018). The claims against Defendant OCPD therefore shall be dismissed.

CONCLUSION

For the foregoing reasons, the Motions to Dismiss (Doc. Nos. 18, 19, 21, 23) are GRANTED. The Complaint (Doc. No. 1) is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

IT IS FURTHER ORDERED that the previously entered stay (Doc. No. 121) is vacated. All pending motions in this matter are DENIED as moot.[1]

A separate judgment shall be entered.

IT IS SO ORDERED this 25th day of September, 2026.

CHARLES B. GOODWIN
United States District Judge

[1] The Court has reviewed all the pending motions in this case, including Plaintiff's Motion to Amend (Doc. No. 125), and has determined that nothing therein would affect the disposition of the Motions to Dismiss.